# BOWEN v. HOWENSTEIN.

APPEAL AND ERROR; BILL OF EXCEPTIONS.

1. The court may, of its own motion, decline to consider a bill of exceptions which palpably violates rule 5, ¶ 4, by unnecessarily including remarks of the court or of counsel, or by giving questions and answers, instead of condensing the evidence into narrative form, unless exceptional conditions render question and answer important to the elucidation of a particular circumstance. (Citing *Capital Traction Co.* v. *Crump,* 35 App. D. C. 174.)

2. An appeal cannot be dismissed for want of a proper bill of exceptions, since it is a matter of right under the law, notwithstanding that it may be of no avail if the bill of exceptions be stricken out for want of compliance with the rule. (Following *Raymond* v. *United States,* 26 App. D. C. 250–256.)

3. Unnecessary parts of a bill of exceptions which do not embody exceptions reserved to rulings of the court on the admission or exclusion of evidence will be stricken out on motion, but if no such motion is made, the court will exercise its discretion when it comes to consider such portions of the bill as present the sufficiency of the evidence to warrant submission of the case to the jury.

4. If one general bill of exceptions embodies not only special exceptions to rulings of the court on the introduction of evidence, but also to the direction of a verdict, some of which exceptions may be properly presented and others not, the motion to strike out should point out the particular grounds of objection.

No. 2461.   Submitted October 7, 1912.   Decided November 4, 1912.

HEARING on a motion by appellee to dismiss the appeal for violation of rule 5, ¶ 4, relating to the preparation of bills of exceptions.                                              *Denied.*

The facts are stated in the opinion.

*Mr. Samuel Maddox, Mr. H. Prescott Gatley,* and *Mr. Barry Mohun* for the motion.

*Mr. D. W. Baker* and *Mr. William B. Reilly* opposed.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

As is usual, there is one general bill containing a record of exceptions noted to the admission and exclusion of evidence, and a final one to the instruction of the jury to return a verdict for the defendant.   The last exception necessitates a presentation of the substance of all the evidence in order to be available; but in such case care should be observed to condense the recital as far as practicable.   We have frequently called attention to the violation of the letter and spirit of the rule in bills of exceptions, and have warned counsel that the court will of its own motion decline to consider one that is palpably violative of the rule. The rule has been chiefly disregarded in embodying the notes of

the stenographer, giving questions and answers, instead of condensing the same into narrative form. Moreover, the remarks and colloquies of counsel have often been embodied. It is sometimes true, as said in *Capital Traction Co.* v. *Crump,* 35 App. D. C. 174, that there are exceptional conditions that render question and answer important to the elucidation of a particular circumstance, or the appraisal of the value of a particular witnesses' testimony; and their recital would not then be regarded as in violation of the rule, care being taken not to go beyond the exceptions indicated. In the present bill of exceptions some questions and answers may be important in the presentation of exceptions to the admission and exclusion of evidence; but there are several printed pages of questions and answers that are wholly unnecessary. Besides, there is an unnecessary statement of the remarks of the court and of the counsel. It would be an unprofitable consumption of time to point these out in detail. See transcript, pp. 20, 21, 22, 25, 26, 27, and 28; 31, 32, 33. Had the motion been to strike out the bill of exceptions it would be granted as to so much of it as does not embody exceptions reserved to rulings of the court on the admission or exclusion of evidence. But no such motion has been made; and the court will exercise its discretion when it comes to consider such portions of the bill as presented the sufficiency of the evidence to warrant submission of the case to the jury. The appeal cannot be dismissed for want of a proper bill of exceptions, however, as it is a matter of right under the law, notwithstanding that it may be of no avail if the bill of exceptions be stricken out for want of compliance with the rule. *Raymond* v. *United States,* 26 App D. C. 250–256.

We think it proper to say that when one general bill of exceptions embodies, as in this case, not only special exceptions to rulings of the court on the introduction of evidence, but also to the direction of a verdict, some of which exceptions may be properly presented and others not, the motion to strike out should point out the particular grounds of objection.

The motion to dismiss the appeal is denied.

*Motion denied.*